■ NESTOR MEDINA et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [611 NYS2d 310] —In an action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated May 6, 1992, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and any cross claims against it, and the defendant Global Construction Corp. appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims against it, and precluded it from offering any testimony at trial.

Ordered that the order is reversed, on the law, with one bill of costs, the defendents' motions for summary judgment are granted, and the complaint is dismissed.

On October 31, 1984, the infant plaintiff was struck by a door that fell through the air after apparently being flung from a building owned by the defendant, the New York City Housing Authority. There is some proof in the record that at the time of the accident, the defendant, Global Construction Corp., was under contract with the New York City Housing Authority to replace interior doors in the building in question. However, there was absolutely no proof that tended to establish that any act by either of the defendants proximately caused this sudden and unexplained incident (see, Derdiarian

*v Felix Contr. Corp.,* 51 NY2d 308, 315). Under such circumstances, the Supreme Court should have granted the defendants' respective motions for summary judgment.

In light of this determination, there is no reason to reach the parties' remaining contentions. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.